Rathmell, J.
This action is brought by the plaintiff and some forty others, to enjoin the collection of assessments against their properties for the repair of Broad street between Scioto river and Sandusky streets. The assessment was thirty-eight and seventy-three one-hundredths cents per front foot. The grounds alleged and relied on are:
First. That the assessment exceeds the special benefits resulting to the property from the repairs done.
Second. That the whole street to Central avenue was not assessed.
Third. That the provisions of the Pugh Law were not followed in making the repairs.
Two other questions are in the pleadings but not discussed: One, the uneonstitutionality of the law—being removed by the ruling of the Supreme Court in Shoemaker v. Cincinnati.
The other, that the assessment is greatly in excess of the cost of the improvement,- it being conceded that the evidence adduced did not sustain the same.
*369 . Taking these questions in reverse order, it is claimed that the plans and specifications were not prepared for the work to be done, in accordance with the law.
Section 5 of the act (93 Ohio Laws, 489) provides that if the board of public works should be of the' opinion that the streets can be repaired cheaply or more advantageously to such city by its officers than by contract, it may so declare by resolution; and the council may pass an ordinance authorizing the officers to purchase or rent the necessary appliances and to employ the labor to repair the streets.
The record shows that the board, through its officers, made an inspection of the streets, made estimates of the necessary repairs and reported the same to the board; that it thereupon made a resolution of its opinion, recommended same to council, which passed an ordinance authorizing the board to make the necessary purchase or rent the machinery and employ the labor to repair the street; that a resolution of the board on the report of the commissioners for Broad street from Scioto river to San-dusky street, according to plans, was adopted.
Section 4 of the act providing for specifications seems designed more particularly to inform bidders on contract. ■ Where the board is of the opinion that it can do the work cheaper than by contract the necessity for specifications for the performance of the work is practically dispensed with.
Furthermore my attention is called to another branch of this court, in the ease of Lanman v. The City, having the same question, which sustained the assessment though no plans or specifications were.on file with reference to the same. That ruling is followed on that ground.
Again, it is urged that since the street was originally improved from Scioto river to Central avenue, it can not be repaired in sections or parts. It is claimed by counsel for the city that a number of assessments have been upheld where only a section of the street was repaired, but it is not clear that the question was directly made as in this ease. It is true that in some of the former cleaning and repair laws the language “or any part thereof, ’ ’ is used in connection with the words streets, avenues and alleys. In the law under consideration this phrase *370 does not Occur. The language is that cities of the first grade of the second class shall have the power and authority to clean, sweep, sprinkle, and so forth, and' repair any street, and so forth, as hereinafter provided. When any of the streets are repaired council shall pass an ordinance levying an assessment for Such cost and expense as hereinbefore provided; the entire cost and expense of repairing any street shall be assessed equally by the foot upon all the lots and lands fronting and abutting Upon sUch street, betwe'en the points named in the contract.
In Section 3 it is provided: “Said board may determine what is necessary to he done On ány sUch street.” A statute containing the same language' was under consideration in the case of Northern Indiana Railroad Company v. Connelly, 10th Ohio State, 160 to 164. It was insisted there that the exception of the statute involved required the assessments to be made upon all and not merely a part of the property abutting upon the street.
The language was, ‘ ‘ The council Shall have' power to defray the expense of grading, paving or improving any street,” and so forth. The court thought the construction entirely inadmissible.
The council have power under the general words “any street” in the first clause of the section, to improve a part.of a street, as appears to be conceded. It seems dear that the words in the next clause “grounds abounding and abutting on such street, confine the assessment to ground on the part of the street improvement.” By comparative reasoning here under the language any street, and part of the street might be repaired, and, by part of the clause, between all points named in the contract, the assessment laid upon the lots and lands fronting and abutting ■upon.said street between all points' named in the contract Or the section repaired.- (See also 1st Ohio State, 133: Creighton v. Scott, 14th Ohio State, 440, 441, where similar lángüage is construed in a repairing act),
The Statute authorizes the board to determine what 'is necessity to be done'Upon any street; if they can not repair a part of a Street, then they would nOt'be limited even to the original improvement, -if it did not embrace the whole street-.
*371 Upon the question of special benefits the plaintiff assumes the burden of establishing that the assessment.was greatly in excess of any and all benefit to their lots and lands. The defendants after certain admissions deny' generally the allegations of the petition not admitted.
Mr. Meék, for the plaintiffs, testifies the property not worth any more after the assessment, did not increase the activity of the sale of property; it don’t-change the price of property, not SO' much as a new street; of course, the' repair keeps the street in better cóndition; the repairs might be a benefit to some extent; Could not tell the exact amount; it might be a little benefit, marked value not increased any.
Mr. Gould did not think any difference jn the value of the property; it benefits those who have the use of the street.
Mr. Henry, repairs don’t benefit the property. Mr. Andrix could not have gotten any more for the property after improvement. There is a benefit but more for the public than to the owner; repairs do not benefit.
As suggested by the witnesses, it is difficult to estimate exactly the special benefit of a sprinkling, cleaning or repairing assessment. Most of the cases have been with reference to new improvements. If benefits are to be estimated in the market value, it is difficult to understand how any sprinkling or cleaning or moderate repáir assessment could be maintained.
Spear, Judge, in Walsh v. Sims, Treasurer, 65th Ohio State, 217, suggests “Where the property itself is improved it is the value for use that is enhanced.” He says, “A street improvement implies special benefit to the abutting property after the improvement is made. It is supposed to enhance its market value, and, where the property itself is improved, as a rule, enhances its value for use.” Where the property, he said, is improved, as a rule it enhances its value for use, “which would seem that the right to repair at the expense of abutting property, which is resorted to in some municipalities, can rest on no sufficient basis other than the enhanced value of the use by the owner during the life of the proposed new pavement. Experience shows that all other elements of increased value have been exhausted by the first pavement.” Here is mention of an *372 enhanced value of the use by the owner which is special and distinct from the market value. Does the testimony of-the plaintiffs to the effect that the improvement did not increase the market value dispose of their burden of no special benefit as against an implied special benefit from an improvement. Two other witnesses admitted there was some benefit. I don’t think so.
DeWitt G. Jones, for plaintiff.
J. M. Blotter, for defendant.
The evidence showed that the price for materials and labor were current and reasonable, that more than one hundred and fifty patches were made covering over twenty-five hundred square yards. It is claimed the street was not badly in need of repair.
The testimony showing that there was some benefit, the court holds that the excess, if any, of the cost, over the special benefit, is not of material character. In Norwood v. Baker, the court say: “Unless such excess of cost over benefit be of a material character it ought not to be regarded by a court of equity when its aid is invoked .to restrain the enforcement of a special assessment. ’ ’
The finding is for the defendants; injunction denied; petition dismissed at plaintiff’s costs.